104 F.3d 363
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Darrell F. ALESSI, Appellant,
v.
NORTHWEST AIRLINES, INC., a foreign corporation, Appellee.
 No. 96-2259.
 United States Court of Appeals, Eighth Circuit.
 Submitted Dec. 10, 1996.
Filed Dec. 13, 1996.
 
 Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 In separate actions, Darrell F. Alessi sued Northwest Airlines, Inc. ("Northwest"), Delta Air Lines ("Delta"), and United Airlines ("United"), alleging his applications for a pilot position were denied in violation of the Employee Protection Program of the Airline Deregulation Act of 1978, 49 U.S.C.A. § 42103(a). The critical issue common to all of Alessi's actions was whether he was a "protected employee" entitled to be the first employed by a covered air carrier. In the parallel case against Delta, the court held that Alessi was not a "protected employee." Ackerman v. Delta Airlines, Inc., 920 F.Supp. 1269, 1276-78 (N.D.Ga.1995). After concluding Alessi's claim was barred by this decision, the district court[1] granted Northwest's motion for summary judgment on collateral estoppel grounds. Alessi appeals, and we now affirm.
 
 
 2
 We review de novo the grant of summary judgment, applying the same standard as the district court. Demming v. Housing and Redevelopment Auth., 66 F.3d 950, 953 (8th Cir.1995). Because the Delta decision determining Alessi was not a "protected employee" bars relitigation of this issue, we agree with the district court that Northwest is entitled to judgment as a matter of law. See Tyus v. Schoemehl, 93 F.3d 449, 453 (8th Cir.1996) (discussing collateral estoppel requirements); Aetna Casualty & Sur. Co. v. General Dynamics Corp., 968 F.2d 707, 711 (8th Cir.1992) (same); Perkins v. Spivey, 911 F.2d 22, 35 (8th Cir.1990) (recognizing defensive use of collateral estoppel), cert. denied, 499 U.S. 920 (1991). We note that while this case was pending, another court also relied on the Delta decision to collaterally estop Alessi from relitigating this claim. See Ackerman v. United Airlines, Inc., No. 96-2455(TFH) (D.D.C. Sept. 13, 1996).
 
 
 3
 We also reject Alessi's other arguments on appeal as without merit, and deny his objection to Northwest's submission of a supplemental appellate brief. Accordingly, we affirm.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota